ESTATE OF DÁVILA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 35.—Decided November 3, 1909.

RECORD OF HEREDITARY RIGHTS—NECESSARY REQUISITES.—In order that a hereditary right may be recorded in the registry of property, it is sufficient to present an authentic document showing the existence of such right, provided that the inherited property appear of record in favor of the predecessor in interest, and further provided that one or more heirs seek to have the property held in common so recorded.

ID.—DEED OF DIVISION AND PARTITION MAY BE REQUIRED WHEN.—An inventory and a deed of division and partition can be required only where the heirs demand that their interest in the property of the deceased be recorded, but not when, on the ground that the property is undivided, they only ask that their hereditary portion in the property, recorded in the name of their predecessor in interest, be recorded in the registry.

ID.—RECORD OF HEREDITARY RIGHT HOW OBTAINED.—The record of an hereditary right may be entered immediately following the record of the estate shown to belong to this predecessor in interest.

HEIRS—PERSONALITY OF PREDECESSOR IN INTEREST.—Heirs are the continuators of the person of their predecessor in interest, and for that reason it cannot be said that they are different persons.

ASSIGNMENT OF RIGHTS OF MINORS.—It is not necessary for a father to obtain the consent of his wife to assign the rights of his minor children in an inheritance, when such rights emanate from the death of a former wife.

COMPROMISE CONCERNING RIGHTS OF MINORS.—Where.it appears from a deed of assignment of hereditary rights that it is thereby sought to avoid litigation, according to the definition contained in section 1711 of the Civil Code, now in force, it is not necessary that the father should obtain judicial authorization to alienate the share of his minor children in the property involved in the compromise, provided the value of such share does not exceed $500.

ID.—STATEMENTS MADE BY THE PARTIES EXECUTING A DEED.—An adequate manner of showing that there are differences as to the division of property and that it is sought to avoid litigation by the assignment is the statement made therein by all the parties to the deed.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

José B. Dávila Carballo died intestate and the District Court of Guayama, on the petition of his widow, Sixta Delgado Torres, declared her the heir to the legal usufructuary share, also as heirs his germain brothers, Luis Jorge and Rafael Atilano Dávila Carballo, and his seven nephews and nieces, Rosa, Ramon Aurelio, María, Federico, Agustina, José Nicomedes and Luis Lizardi Dávila, the latter *per stirpes*— that is to say, in representation of their deceased mother, Carmen Dávila, the brother of the intestate. This order is dated July 14, 1908, and a certified copy thereof was issued on July 18, 1908, for delivery to the petitioner. The copy does not state that the order is final.

This declaration of heirs was filed in the Registry of Property of Caguas simultaneously with a deed of the assignment of the hereditary property derived from the deceased José B. Davila Carballo, executed in said city before Notary Rafael Arce Rollet on April 6, 1908.

In this deed all the participants in the inheritance, who are the declared heirs, assign to the widow, also an heir, all their interests in the inheritance, including those they have in a rural estate recorded in the registry in the name of the predecessor in interest, José B. Dávila Carballo.

This assignment is made by the other heirs for the price agreed on, and as stated in the deed they make it because differences have arisen in the division of the estate and they have

sought to avoid judicial litigation, as the net estate is a small one, being valued by them at 1,568.81 *pesos*.

They give the rural estate in question a value of $800.

To the declaration of heirs referred to was attached a petition signed by Ramón Rivera Oquendo, as the parol agent of the widow, Sixta Delgado Torres, addressed to the registrar of property, in which petition the boundaries of the estate are fixed by the four cardinal points, the area is stated and the legal interest of each participant therein is set forth, in order that it might be recorded as undivided property in favor of the successors in interest of José B. Dávila Carballo.

The registrar refused to admit such declaration to record on June 30, 1909, on account of the following incurable defects:

First. Because the liquidation of the community property of which the estate sought to be recorded forms part, has not been made.

Second. Because the petition addressed to him in which the division of the estate is made, is not an authentic document, nor a title of partition, and, furthermore, because the widow alone cannot determine the undivided interest of each of the heirs in the estate.

Third. Because in stating in the petition the share pertaining to the widow, an error is committed in that besides the half of the estate given in payment of her half of the community property, she is assigned also one-quarter thereof in full ownership in payment of her life usufructuary share, when all she is entitled to is one-quarter in usufruct.

This third defect is noted through an error on the part of the registrar, because the petition to which he makes reference does not say what he supposes, but precisely what he believes it should say, namely:

"One-half of the estate is assigned to the widow in *full ownership,* as her share of the community property," and it continues, "and the remaining half is divided in its turn into two equal parts and one-half thereof (which is a quarter of

the total estate), is also assigned the widow in payment of the usufructuary portion granted her by section 11 of the Act of the Legislative Assembly of Porto Rico of March 9, 1905.''

A perusal of the petition will show the evident error which the registrar committed in reading it.

Nor does the declaration of heirs omit the surname of the latter, thereby giving rise to a curable defect, because the surnames of all of them, Lizardí y Dávila, are stated.

Now then, for the purposes of a record of a hereditary right, it is sufficient to present the authentic document establishing such right, provided the two following circumstances are present: First, that the hereditary property be recorded in favor of the predecessor in interest, as occurs in this case, and second, that there be one or more heirs who apply for the record of the property held in common. So then the inventory and the deed of division and partition can be required only where the heirs demand that their interest in the property of the deceased be recorded; but this it not the case when, based upon the fact of the indivision, they only ask that their hereditary portion in estates recorded in the name of their predecessor in interest be recorded in the registry. Under this doctrine, which is supported by the decision of March 13, 1885, and February 25, 1888, the hereditary right of a specific person may be recorded immediately after the record of the estate shown to belong to his predecessor in interest and which is described in the petition.

Let us now consider the deed of the assignment of hereditary property and examine the decision of the Registrar of Property of Caguas denying the record, in so far as it relates to incurable defects.

First. As the estate in question is recorded in the name of the predecessor in interest, José B. Dávila Carballo, his duly constituted heirs first requested the record thereof in their favor in order subsequently to record it in the name of the

assignee, Sixta Delgado Torres. Therefore, it cannot be said here that Dávila Carballo is a person different from the as-assignors, because the latter represent the continuation of his person by virtue of the declaration of heirs.

Second. Carlos Lizardi Flores, as the father of his said minor children, Luis and José Lizardi Dávila, did not require for the assignment the consent of his present wife, inasmuch as the right of the minors is derived from the death of the other wife of Carlos Lizardi, named Carmen Dávila Carballo.

Nor did Carlos Lizardo require for this the prior authority of the district court of his domicile, because, according to the deed of assignment of the hereditary property it is sought here to avoid litigation in the division of the estate, and this is one of the cases of compromise according to the definition contained in section 1711 of the Civil Code in force, and this being so, section 229 of said Code does not apply, but the second paragraph of section 1712, which waives such formality when, as in this case it is sought to compromise with respect to an estate in which minors have an interest not exceeding $500.

It appears to us that an adequate manner of showing that there are differences in the division, and that it is sought to avoid litigation by the assignment, is the statement made therein by all the parties to the deed.

Therefore, we do not find the incurable defects to which the registrar calls attention, and if, upon an exceedingly scrupulous examination, some defect was found in the petition attached to the declaration of heirs, it must be considered that there was presented simutaneously the deed of the assignment of the hereditary property whereby the ownership of the estate became consolidated in favor of a single person, namely, Sixta Delgado Torres, the widow of the deceased, José B. Dávila Carballo.

For the foregoing reasons the two decisions of the Registrar of Property of Caguas, dated June 30, 1909, should be reversed as to the incurable defects therein stated and the

record applied for admitted with the curable defects to which no reference has been made in this opinion.

*Reversed.*

Mr. Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.